UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA        :     **NOTICE OF MOTION**

      - v -                        :     07 Cr. 997 (JGK)

**FELIX CRUZ**                  :

          Defendant.       :
------------------------------X

    **PLEASE TAKE NOTICE** that upon the annexed affirmation of the defendant herein, **FELIX CRUZ**, counsel, **ROBERT M. BAUM, ESQ.**, will move before the **HONORABLE JOHN G. KOELTL**, United States District Judge for the Southern District of New York, at the United States Courthouse located at 500 Pearl Street, New York, New York, on February 22, 2008, for an Order, (1) pursuant to Rule 12(b)(3)© of the Federal Rules of Criminal Procedure, and the Fourth and Fifth Amendments to the United States Constitution, suppressing physical evidence and statements; and such other relief as the Court may deem just and proper.

Dated:    New York, New York
            January 18, 2008

                                  Respectfully submitted,
                                  LEONARD F. JOY, ESQ.
                                  Federal Defenders of New York
                    By: _____
                                  **ROBERT M. BAUM, ESQ.**
                                  Attorney for Defendant
                                  **FELIX CRUZ**
                                  52 Duane Street - 10th Floor
                                  New York, New York 10007

TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn:    **CHRISTIAN R. EVERDELL, ESQ.**
                 Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

          - v -                :
                                         07 Cr. 997 (JGK)
FELIX CRUZ                     :

               Defendant.      :
------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FELIX CRUZ'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

**LEONARD F. JOY, ESQ.**
Federal Defenders of New York
Attorney for Defendant
    **Felix Cruz**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8760

**ROBERT M. BAUM, ESQ.**

    Of Counsel

TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn:  **Christian Everdell, ESQ.**
             Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA        :

          - v -                 :
                                        07 Cr. 997 (JGK)
FELIX CRUZ                      :

          Defendant.            :
-------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## FELIX CRUZ'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

### PRELIMINARY STATEMENT

Defendant Felix Cruz, by undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion to Suppress physical evidence and statements.

Mr. Cruz is charged in a three count indictment with a violation of Title 21 U.S.C. §§ 812, 841(a)(1); 841(b)(1)(b); 841(b)(1)©, and 846; charging him with (1) conspiracy to distribute 5 grams and more of crack cocaine; (2) distribution and possession with intent to distribute crack cocaine on April 3, 2007; and (3) distribution and possession with intent to distribute crack cocaine on May 2, 3007. He seeks an order suppressing physical evidence and statements as having been obtained in violation of his constitutional rights pursuant to the Fourth and Fifth Amendments.

-2-

## STATEMENT OF FACTS

As set forth in the attached Affirmation of Felix Cruz, he was arrested on two occasions relevant to the indictment. On each occasion, physical evidence and statements were obtained. On April 3, 2007, he was arrested in a public but gated area in front of a building at 203 East 175th street, Bronx County. See Cruz Affirmation (hereinafter "Cruz Aff."), at ¶ 2. He was speaking with another person whom he believed to be a tenant of the building. Cruz Aff. ¶ 2. Police officers approached Mr. Cruz to question him and then placed him under arrest for trespass. Cruz Aff. ¶ 4. He had not been holding any contraband and the officers had not observed any criminal activity nor suspicious behavior. Cruz Aff. ¶ 3. Subsequent to his arrest, he was searched and a quantity of cocaine was recovered. Cruz Aff. ¶ 4. Following his arrest, pursuant to questioning by the police officers, he made statements. Cruz Aff. ¶ 10.

On May 2, 2007, Mr. Cruz was inside an apartment at 1756 Topping Avenue, Bronx County. He had been invited into the apartment by a woman residing in the apartment. He intended to remain in the apartment overnight, having been invited to stay. Cruz Aff. ¶ 5. The same woman was seated next to Mr. Cruz in the living room of the apartment when police forceably entered the apartment without permission. Cruz Aff. ¶ 6. Mr. Cruz and several others were arrested and removed from the apartment to the

hallway, while police went back into the apartment to search. Cruz Aff. ¶¶ 8-9. Numerous items of physical evidence were seized from the apartment. Cruz Aff. ¶ 9. Some time after the arrest, Mr. Cruz was questioned and made statements. Cruz Aff. ¶ 10.

## ARGUMENT

**ALL EVIDENCE SEIZED FOLLOWING THE WARRANTLESS SEIZURE OF FELIX CRUZ ON APRIL 3, 2007 WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE MUST BE SUPPRESSED AS HAVING BEEN OBTAINED IN VIOLATION OF HIS RIGHTS UNDER THE FOURTH AMENDMENT**

The Fourth Amendment proscribes that "[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ... ." It is well established that warrantless searches and seizures are per se unreasonable under the Fourth Amendment unless they fall within one of several recognized exceptions. Katz v. United States, 389 U.S. 347, 357 (1967). An investigatory detention, a brief seizure by police based upon "a reasonable suspicion supported by articulable facts" that criminal activity 'may be afoot,'" is a narrowly drawn exception to the probable cause requirement of the Fourth Amendment. United States v. Sokolow, 490 U.S.1, 7 (1989)(quoting Terry v. Ohio, 392 U.S. 1, 30 (1968).

In the instant case, the evidence must be suppressed because

the police officers initially did not have a reasonable, articulable basis to believe that Felix Cruz had committed or was about to commit a crime. Even if the police officers approached Mr. Cruz with the intent to engage in a Terry stop, there had been no basis for such conduct. A valid Terry stop and frisk requires a two part analysis which must be met to overcome constitutional objections. First, there must be a finding that adequate reasons for suspecting criminal activity were established before the frisk, and second, that the frisk was in response to a reasonable apprehension of danger to the officers. Terry v. Ohio, 392 U.S. at 30.

In the instant case, the evidence must be suppressed because the police officers initially did not have a reasonable, articulable basis to believe that Felix Cruz had committed or was about to commit a crime. In addition, there was no protective pat-down but a full-blown search following an illegal arrest. "Reasonable suspicion" that Mr. Cruz had committed or was about to commit a crime requires that a police officer "must be able to articulate something more than inchoate and unparticularized suspicion or 'hunch.'" United States v. Sokolow, 490 U.S. at 7, citing Terry v. Ohio, 392 U.S. at 27.

When the police approached Mr. Cruz, he did not have anything in his hands and was within a public area adjacent to the building. Although he had entered a gated area, the gate was

-5-

not locked and Mr. Cruz was speaking with an individual whom he believed to be a tenant of the building. He did not enter the interior of the adjacent building nor did he enter the hallway. The individual to whom Mr. Cruz was speaking, was not apprehended. He entered the building and left the area when officers approached Mr. Cruz.

The police mistakenly believing that the courtyard was an area in which only tenants were permitted to enter, or which was off limits to guests, at best engaged in an unauthorized Terry stop and a custodial detention without probable cause.

From the moment that police began questioning Mr. Cruz, he was not subjected to a Terry stop, he was effectively taken into custody and under arrest. ("[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person.")(Terry v. Ohio 392 U.S. at 16.).

The unauthorized seizure of Mr. Cruz and the subsequent search were in violation of the Fourth Amendment.

> **On May 3, 2007, the Warrantless Entry By Police Into An Apartment Resulting In The Arrest Of Felix Cruz And Seizure Of Physical Evidence Was In Violation Of The Fourth Amendment**

It is well settled that it is a "basic principle of Fourth Amendment law" that searches and seizures inside a home without a warrant are presumptively unreasonable. Payton v. New York, 445 U.S. 573, 586 (1980). In cases involving warrantless searches and

seizures, the government bears the heavy burden of proving that entry into the home was justified. United States v. Zabare, 871 F.2d 282, 289 (2d Cir. 1989), (citing Coolidge v. New Hampshire, 403 U.S. 443 (1971)).

Entry into the home is the "chief evil" against which the Fourth Amendment is directed. United States v. District Court for the Eastern District of Mich. S. Div., 407 U.S. 297 (1972). Any physical invasion of the structure of the home, "by even a fraction of an inch" is not to be tolerated. Kyllo v. United States, 533 U.S. 27, 37 (2001)(quoting Silverman v. United States, 365 U.S. 505, 512 (1961)). Even warrantless entries into the home to make an arrest supported by probable cause violates the Fourth Amendment. Payton v. New York, 445 U.S. at 573.

On May 2, 2007, police officers inside the building at 1756 Topping Avenue, Bronx, New York, opened the door to the apartment and entered the home to arrest Felix Cruz and other individuals. The door was opened by the police, and they were not invited into the home. Even if the police had reasonable suspicion that a crime was being committed within the home, they may not enter in this fashion. Id. at 573.

Under some circumstances, law enforcement officials may make a warrantless entry into the home if justified by exigent circumstances. United States v. MacDonald, 916 F.2d 766, 769 (2d Cir.)(en banc), cert. denied 498 U.S. 1119 (1990). The essential

question is whether law enforcement agents were confronted by an urgent need to take action. Id. Under the facts herein, no exigent circumstances existed.

The Second Circuit has identified several factors which may determine whether exigent circumstances justifying a warrantless entry are present: (1) the gravity or violent nature of the offense; (2) whether the suspect is reasonably believed to be armed; (3) a clear showing of probable cause that the suspect committed the crime; (4) a strong reason to believe that the suspect is in the premises to be entered; (5) a likelihood that the suspect may escape if immediate action is not taken; and (6) the circumstances of the entry. United States v. Loria, 306 F.3d 1271, 1284 (2d Cir. 2002).

It is anticipated that the government will allege that police officers in the hallway of the building smelled an odor of marijuana and may also have observed marijuana in the apartment. These observations, even if true, does not distinguish this case from the holding in Payton. Possession of marijuana is not the kind of serious or violent offense which creates exigent circumstances. There was no knowledge on the part of the police as to the background of anyone in the apartment or that they may be armed. There was no basis to believe that a suspect would escape had the police simply secured the outside of the premises and sought a warrant. Finally, the officers opened the door

without permission and without announcing their intention to enter.

Once the individuals in the apartment were arrested, the officers removed them from the apartment and placed them in the hallway. At that point they returned to the interior of the apartment to conduct a full-search of the apartment. Officers may conduct a "protective sweep" of premises that they have entered but only if that search is incident to an arrest and conducted for the officers' safety. Maryland v. Buie, 494 U.S. 325, 334 (1990). The Court emphasized that a protective sweep does not constitute a full search of the premises but may extend only to "a cursory inspection of those spaces where a person may be found." Id. at 335.

### Statements Obtained In Violation Of Felix Cruz's Fourth Amendment Rights Must Be Suppressed

The exclusionary rule "prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search ..." Murray v. United States, 487 U.S. 533, 536-537 (1988).

It is also axiomatic that the fruit of the poisonous tree, the initial illegality, is subject to the exclusionary rule. Wong Sun v. United States, 371 U.S. 471 (1963). However, under certain circumstances, the suppression of evidence is not mandatory. The

Court must determine "whether granting establishment of the primary illegality, the evidence to which instant objection is made, has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Id. at 488. Thus, the tainted evidence may be admissible at trial if the government can show that the causal connection between the evidence and the unlawful conduct is "so attenuated as to dissipate the taint." Id. at 487, (quoting Nardone v. United States 308 U.S. 338, 341 [1939]). In finding whether statements are sufficiently attenuated from the unlawful arrest, courts must examine the facts of each case. Brown v. Illinois, 422 U.S. 590 (1975). Relevant factors to consider include "[t]he temporal proximity of the arrest and the confession, the presence of intervening circumstances, and particularly, the purpose and flagrancy of the official misconduct." Id. at 603-604. No single factor is sufficient to show attenuation.

In Brown, the defendant had been illegally arrested and confessed about two hours later. Despite noting that the confession was preceded by Miranda warnings, the Supreme Court found that attenuation was not shown. The issuance of Miranda warnings alone is insufficient to remove the taint of an illegal arrest.

> If Miranda warnings, by themselves, were held to attenuate the taint of the unconstitutional arrest, regardless of how wonton and purposeful the Fourth Amendment violation, the effect of the exclusionary rule would be substantially diluted.

Id. at 602. Rather, the fact that a voluntary Mirandized statement was made "is merely a `threshold requirement' for Fourth Amendment analysis." Dunaway v. New York, 442 U.S. 200, 217 (1979) (quoting Brown, 442 U.S. at 604.)

In Dunaway, the defendant's arrest was in violation of his Fourth Amendment rights. Despite subsequent Miranda warnings, the Supreme Court suppressed the statement on the grounds that there did not exist any intervening events which broke the connection between the illegal detention and the confession. In Taylor v. Alabama, 457 U.S. 687 (1982), the Supreme Court reaffirmed its holdings in Dunaway and Brown, suppressing a confession given six hours after arrest, finding no intervening circumstances. The subsequent confession, issued after Miranda warnings, similar to the circumstances in Brown, Dunaway and Taylor, did not provide the intervening circumstances necessary to dissipate the taint of the initial illegality. Similarly, Mr. Cruz's statements are not subject to any intervening event which would dissipate the taint from the initial illegality and thus warrant suppression.

With respect to violations of Payton, the Supreme Court has held that "a warrantless entry will lead to the suppression of any evidence found, or statements taken, inside the home. New York v. Harris, 495 U.S. 14, 20 (1990).

**CONCLUSION**

For the foregoing reasons, Felix Cruz respectfully requests that the Court issue an order suppressing the physical evidence and statements illegally obtained in violation of his Fourth Amendment rights, as a direct result of an arrest and seizure made without probable cause, or otherwise in violation of the Fourth Amendment, and for such other and further relief as the Court deems just and proper, including the filing of post-hearing memoranda if deemed necessary.

Dated:  New York, New York
        January 18, 2008

                                    Respectfully submitted,

                                    LEONARD F. JOY, ESQ.
                                    Federal Defenders of New York
                            By:     _____
                                    **ROBERT M. BAUM, ESQ.**
                                    Assistant Federal Defender
                                    Attorney for Defendant
                                        **FELIX CRUZ**
                                    52 Duane Street - 10th Floor
                                    New York, New York 10007

TO:     MICHAEL J. GARCIA, ESQ.
        United States Attorney
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007

ATTN:   Christian R. Everdell, Esq.
        Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :         AFFIRMATION

        - v -                  :         07 Cr. 997 (JGK)

FELIX CRUZ                     :

              Defendant.       :
------------------------------X
```

I, **FELIX CRUZ**, hereby affirm under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the defendant in the above captioned case. I make this affirmation in support of the instant motion to suppress physical evidence and statements on the ground that there was an illegal search and seizure pursuant to the Fourth Amendment of the United States Constitution and that evidence seized and statements made following this illegal search and seizure must be suppressed pursuant to the Fourth and Fifth Amendment.

2. On April 3, 2007, at approximately 7:35 A.M., I was in the area of 203 East 175 street, Bronx County. I was speaking with another person within a gated area, open to the public, in the courtyard in front of the building. I thought that he was a tenant in the building.

3. I was stopped by police officers one of whom I recognized from a prior arrest. At the time I was not holding a plastic bag or anything else in my hand.

4. I was questioned by the police and then placed under arrest for trespass. Following the arrest, the police allegedly found in

my possession a quantity of crack cocaine.

5. On May 2, 2007, I was inside an apartment located at 1756 Topping Avenue, Bronx County. I was invited into the apartment by a woman who was residing in the apartment, Bianca Menendez. It was my intention to remain in the apartment overnight with this woman, as her guest. She had invited me to stay.

6. Shortly after midnight, I was seated next to this woman in the living room of the apartment when police officers entered the apartment by force. To my knowledge no one had opened the door to allow them to enter nor had anyone invited them into the apartment.

7. I did not possess any controlled substance, however, I was placed under arrest as were the other individuals in the apartment.

8. I was taken out of the apartment with the other individuals. We were all under arrest at the time.

9. While we were in the hallway, the police entered the apartment and searched, seizing physical evidence.

10. Following my arrests on April 3, 2007 and May 2, 2007, I was questioned by police and made statements.

**WHEREFORE**, it is respectfully requested that this Court enter an order suppressing physical evidence and statements on the ground that they were obtained (1) on April 3, 2007, following an arrest without probable cause; and (2) on May 2, 2007, following a warrantless entry into a home, in violation of my constitutional rights pursuant to the Fourth and Fifth Amendments to the United States Constitution, or such other relief as the Court may deem

just and proper.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated:   January 17, 2008
         New York, New York

*/s/ Felix Cruz*
FELIX CRUZ