USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        - against -

FELIX CRUZ,

                Defendant.

07 Cr. 997 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

The Court has received the attached motion by the defendant, pro se, which seeks to dismiss the indictment because the defendant alleges that the Court lacks jurisdiction on various grounds such as the limits of the territorial jurisdiction of the Court or the limit of Congressional power. There is no indication that the motion was served on counsel for the defendant and counsel for the Government and a copy is therefore attached.

The defendant is represented by counsel and therefore any motions should be submitted by counsel. The motion is therefore **denied without prejudice** to any motion that counsel chooses to submit. The Court notes, however, that the arguments made in

the motion are frivolous.  See, e.g., Cirineo v. U.S., 2005 WL

1214320, at *7 (S.D.N.Y. May 19, 2005).


SO ORDERED.

Dated:     New York, New York
           January 22, 2008

                                   John G. Koeltl
                           United States District Judge

UNITED STATES DISTRICT COURT
JUDICIAL DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

              ,Plantiff

      -against-

Felix Cruz

          ,Defendant
------------------------------x

**07 Cr. 997 (JGK)**

**NOTICE OF MOTION TO
DISMISS FOR LACK OF
CRIMINAL JURISDICTION**

**28 U.S.C. 1359; Rule 12**

    **PLEASE TAKE NOTICE** that **Felix Cruz,** the defendant herein, will move before the **HONORABLE** and **JUST JOHN G. KOELTL,** United States District Judge for the Judicial District of New York, at the United States Courthouse located at 500 Pearl Street, New York, New York, on February **22,** 2-008, for an order, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, to dismiss the instant criminal case with prejudice, on the ground that this prosecution lacks **CRIMINAL JURISDICTION** to proceed in the first instance. Either over the **subject-matter,** or over the **person,** or over the **geographical boundary** where alleged criminal activity was reported in said indictment to have taken place, and granting such relief as this court may deem just and proper.

    Defendant hereby incorporates by referance all authorities cited in Exhibit "A" Federal Criminal Jurisdiction, in HIS AFFIRMATION, and in HIS MEMORANDUM OF LAW IN SUPPORT OF CHALLENGE TO CRIMINAL JURISDICTION OF THIS COURT[i.e. there is none], Rule 302, Federal Rules of Evidence; which were not all set forth fully herein.

## AFFIRMATION OF THE DEFENDANT Felix Cruz.

I, Felix Cruz, hereby affirm under penalties of perjury, pursuant to 28 U.S.C.S. 1746, as follows;

I am the defendant in the above caption case. I make this affirmation in support of the instant motion to dismiss the instant criminal case with prejudice, on the grounds that it lack exclusive jurisdiction over the exact geographical location where the alleged criminal activity mentioned in the indictment is alleged to have taken place. I was not arrested in any Fort, Magazine, Arsenal, Dock-Yard, "Needful-Building", or other Federal enclave within the New York State, Bronx county. Nor was my person situated within any of the foremention Federal areas(A.K.A.) the Federal Zone.

On or about April 3, 2007, I was arrested in the State of New York, Bronx county, by an officer of the New York Police Department (N.Y.P.D.) assigned to the 46 Precint, for an alleged crime that allegedly took place in a residential apartmnet building, exact geographical location residing at, 203 East 175 Street, Bronx New York 10457.

On or about May 2, 2007, in the State of New York, Bronx county, I was arrested by an officer of the New York Police Department (N.Y.P.D.), assigned to the 46 Precint, for an alleged crime that took place in a brown stone, three story, residential apartment building, exact geographical location residing at, 1756 Topping Avenue, Bronx New York 10457.

(2)

MEMORANDUM  OF  LAW  IN  SUPPORT  OF  DEFENDANT  Felix  Cruz's
MOTION  TO  DISMISS  THE  INSTINT  CRIMINAL  CASE,  FOR  LACK
OF  CRIMINAL  JURISDICTION.

Congress  has  jurisdiction  to  enact  Federal  Criminal  l-
aws  pursuant  to  the  commerce  clause  of  the  United  States
Constitution  (Art.1, sec.8, cla.3).  Recently,  the  Supreme  Co-
urt  addressed  the  issue of exclusive  legislative  jurisdiction
of  the  Congress,  and  the  power  of  the  Federal  Government,
and  place  limits  on  Congress  power  to  Federalize  criminal
behavoir.  (see U.S. V. LOPEZ,115 s.ct.1624(1995))  In  the  case,
Justice  Thomas,  in  a  concurring  majority  opinion  (131,L.ED
2D 626)  very  clearly  says;  "indeed,  on  this  crucial  point,
the  majority  and  Justice  Breyer  (dissenting)  agrees  in  pr-
inciple: The  Federal  Government  has  nothing  approaching  a
police  power.  ID. at page 64.  Justice  Thomas  went  on  to  d-
iscuss  a  regulation  of  police  at  page  86,  wherein  he  st-
ated  as  follows;  U.S. v. DEWITT,75 U.S.41,9 walls,41,19 L.ED593
(1870)  marking  the  first  time  the  court  struck  down  a  F-
ederal  law  as  exceeding  the  power  conveyed  by  the  commer-
ce  clause.  In  a  2  page  opinion,the  court  invalidated  a
nationwide  law  prohibiting  all  sales  of  Naphtha,  and  illu-
minating  oils.  in  so  doing,  the  court  remarked  that  the
commerce  clause  "has  always  been  undrstood  as  limited  by
its  terms:  and  as  a  virtual  denial  of  any  power  to  int-
erfere  with  the  interal  trade  and  business  of  the  separa-
te  States."  ID. at page 44.

The  law  in  question  was  "plainly  a  regulation  of  po-

lice". which could have Constitutional application only wh-
ere Congress had exclusive authority, such as the territo-
ries. ID. pp. 44-45. Earlier in the text, Justice Thomas,
ID. at page 85, said, "even before Gibbons, Chief Justice
Marshall, writing for the court in (Cohens v. Virginia,19 U.
S.264,6 wheat 264,5 L.ED 257(1821)), noted that Congress had
no general right to punish murder committed within any of
the States," and "that Congress could not punish felonies
generally." However, Congress could enact laws where it e-
njoyed plenary powers, for instance, over the District of
Columbia, and whatever effect ordinary murder, or robbery,
or gun possession might have on interstate commerce was
irrelevant to the question of Congressional power. The fi-
rst Federal Criminal act did not establish a nationwide
prohibition against murder and the like. (see act of April
30, 1790, chapter 9(1 stat.112)): Rather, only when committ-
ed in United States territories and possession, or on hi-
gh seas. with the single exception of treason and or co-
nterfeiting, and not withstanding any of the effects which
murder, robbery, and gun possession might have on interst-
ate commerce, Congress understood that it could not estab-
lish nationwide prohibitions.

Justice Thomas summed up his opinion dramatically with
the statement quoted in part herein..."If we wish to be
true to a Constitution that does not cede a police power
to the Federal Government"...

## FACTUAL POINTS OF LAW

"All crimes are statutory." Doble, "Venue and criminal cases in the United States District Court," Virginia Law Review, 287, 289, (1926) "...[O]n the other hand,since all Federal crimes are statutory and all criminal prosecutions in the federal territorial courts are based on acts of congress," Federal Rules of Criminal Procedure Rule 26, in "Taking of testimony," notes of Advisory committee on Rules, paragraph no.2.

Rules 54, Application and Exception, paragraph (C), Federal Rules of criminal procedure, "Act of Congress" in cludes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.

Rule 201, Judicial Notice of Adjudicative Facts, paragraph (B),

Federal Rules of Criminal Procedure, "Kinds of Facts" A Judicially Noticed Fact MUST be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy connot be questioned.

There is no presumption in favor of jurisdiction, and the basis for jurisdiction MUST be affirmatively shown.(Hanford v. Davis, 16 s.ct.1051,163 U.S.273,41 L.ED.157(1896)

Federal criminal jurisdiction is never presumed, It must always be proven, and it can never be waived.(U.S. v. Rogers,23 F.658) It also provides: jurisdiction to try embraces jurisdiction of the person, of the place, and of the subject matter, and there MUST be a concurrence of all of these to give the right to try.

All courts of just are DUTY-BOUND to take judicial notice of the territorial extent of jurisdiction, alhtough those acts are not formally put into evidence nor in accord with pleadings.(Jones v. U.S.,137 U.S.202,11 s.ct.80)

In PRINCIPLE, the exclusive legislative jurisdiction of the Federal Government is not addressed to subject-matter, but to geographical location.(U.S. v. Bevans,16 U.S.3 wheat 336)

Where jurisdiction is challenged it MUST be proven, the law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceeding. Jurisdiction may never be assumed, it MUST be proven.(Hagen v. Lavine,415 U.S.528)

It is AXIOMATIC that the prosecution MUST always prove territorial jurisdiction over a crime in order to sustain a conviction therefore.(U.S. v. Benson,495 F. 2D 475)

Federal Criminal Rules Handbook, Thomas West, 2006, version,(sub.
1.1 Introduction), starts off in the very beginning of the text,
providing in part; Federal courts have limited jurisdiction to try
criminal offenses. In fact most crimes are tried in State courts.

Local crimes may constitute Federal offenses when they take place
on **FEDERAL TERRITORIES**.(see 18 U.S.C.A. 13)

Crimes committed against law of United States **OUT** of limits of St-
ates are **NOT** local and could be tried at any place disignated by
Congress; But when committed **WITHIN** State, they are triable **ONLY**
in District which offense was committed.(U.S. v. Jackalow,66 U.S.
484,1 Black 484,17 L.ED 255)

In criminal prosecutions, where the Federal Government is the mov-
ing party, it **MUST** not only establish **OWNERSHIP** of the property u-
pon which the crime was allegedly committed, But it **MUST** also pro-
duce **DOCUMENTATION** that the State has **CEDED** to it jurisdiction ov-
er that property.(see Fort Leavenworth Railway Co. v. Iowa,114 U.
S. 525 at 531)in part it also provides: where lands are acquired
**WITHOUT** such concent, the possession of the United States, **UNLESS**
political jurisdiction be **CEDED** to them in some other way, is sim-
ply that of an **ORDINARY PROPRIETER.**

**NO** jurisdiction exists in the United States to enforce Federal cr-
iminal laws **UNTIL** consent to accept jurisdiction over acquired la-
nds has been **PUBLISHED** and **FILED** in behalf of the United States(as
provided in 40 U.S.C. 255), and the fact that the State **AUTHORIZED**
the Government to take jurisdiction was immaterial.(Adams v. U.S.,
319 U.S. 312,87 L.ED.1421,63 s.ct.1122)

Territorial jurisdiction of the United States are defined at 18 U.
S.C.S. 7, cla. 3, for lands **RESERVED** or **ACQUIRED** by the United St-
ates.

Federal courts have exclusive jurisdiction over persons accused of
crimes committed **UPON** or **OWNED WHOLLY** by the United States.(see
U.S. v. Travers, F.Cas.No.16537)

The Federal courts are limited both by the Constitution and by ac-
ts of Congress.(Owen Equip. and Erection Co. v. Kroger,98 s.ct.
2396,437 U.S.365,57 L.ED 2D 274)

See exact wording of **ARTICLE 1,SECTION 8,CLAUSE 17, ARTICLE 3,SEC-
TION 2,CLAUSE 3, and ARTICLE 4,SECTION 3,CLAUSE 2,** Constitution
for the United States of America. Which **GRANT** of **AUTHORITY** doen **N-
OT** extend over every square inch of the **48 CONTIGUOUS UNION STATES.**

The jurisdiction of Federal courts is defined in the CONSTITUTION
at ARTICLE 3 for JUDICIAL COURT, ARTICLE 1 for LEGISLATIVE COURT,
and at ARTICLE 4 for TERRITORIAL COURT. Some courts created by ac-
ts of Congress have been referred as "CONSTITUTIONAL COURTS," whe-
reas others are regarded as LEGISLATIVE TRIBUNALS."(O Donoghue v.
U.S.,289 U.S.516(1933),77 L.ED 1356,53 s.ct.74,:Mookini v. U.S.,
303 U.S. 201 at 205(1938),82 L.ED 748,58 s.ct.543)


Legislative court judges do NOT enjoy ARTICLE 3 GUARANTEE;"INHERE-
NTLY JUDICIAL;" task MUST be performed by judges deriving power u-
nder Article 3.(see U.S. v. Sanders,641 F.2D 659(1981)cert.den.101
s.ct.3055,452 U.S.918,69 L.ED.422) The United States District
court creation and composition were accomplished by acts of Congr-
ess on June 25, 1948(62 stat.895), and November 13, 1963(77 stat.
331), currently codified at 28 U.S.C. 132: and the jurisdiction t-
hereof, previously demonstrated herein, i.e. chapter 85 of title
28, list CIVIL, ADMIRALTY, MARITIME, PATENT, BANKRUPTCY, ect., and
does NOT ONCE LIST, MENTION, or DISCRIBE any CRIMINAL JURISDICTION.


It is apparent that the United States District Courts for the Dis-
trict of New York was created and established under 28 U.S.C. 132,
and its jurisdiction is defined and limited by chapter 85 of title
28, United States Code.


Acts of Congress creating United States District Courts do NOT ve-
st said territorial tribunals with any criminal jurisdiction, the-
se courts have only such jurisdiction as is conferred upon them by
acts of Congress and the Constitution.(see Hubbard v. Ammerman,465
F.2D 1169 cert.den.93 s.ct.967,410 U.S. 910,35 L.ED 2D 272)


The United States District Court is NOT a court of general jurisd-
iction, and has NO other power bestowed upon it except as prescib-
ed by Congress.(see Grave v. Snead,541 F.2D 159(1976) cert.den.97
s.ct.1106,429 U.S. 1093,51 L.ED 2D 539)


There is a distinct and definite difference between a "United Sta-
tes District Court" and a "District Court of the United States;"
The words "District Court of the United States" commonly disribe
Constitutional Courts created under ARTICLE 3 of the CONSTITUTION,
NOT the LEGISLATIVE Courts which have long been the Courts of the
TERRITORIES.(see International Longshoremens and Warehousemens un-
ion v. Juneau Spruce Corp.,342 U.S.237 at 241(1952),72 s.ct.235,96
L.ED. 275,13 Alaska 536)


The term "District court of the United States"        commonly dis-
cribe ARTICLE 3 Courts or "courts of the United States," and NOT
LEGISLATIVE COURTS of the TERRITORIES.(see American Insurance Co.
v. 356 Bales of cotton, 1 Pet.511(1828),7 L.ED 242;International
Longeshoremens and Warehousemens Union v. Wirtz,170 F.2D 183(1948)
cert.den.336U.S.919,93L.ED1082,69s.ct.641,reh.den.336U.S.971,93L.
ED1121,69s.ct.936.

Though the judicial system set up in a territory of the United States is a part of Federal Jurisdiction, the phrase **"court of the United States" when** used in a Federal statute is generally construed as **NOT** referring to **"territorial court."** (see Balzac v. Porto Rice, 258 U.S. 298 at 312(1921), 42 s.ct. 343, 66 L.ED. 627, in Balzac, the **HIGH COURT STATED:**

The United States District court is **NOT** a **TRUE** United States court established under **ARTICLE 3** of the Constitution to administrer the **JUDICIAL POWER** of the United States therein conveyed. It is created by **VIRTUE** of the **SOVEREIGN CONGRESSIONAL FACULTY**, granted under **ARTICLE 4, section 3,** of that instrument, of **MAKING ALL NEEDFUL RULES AND REGULATIONS RESPECTING THE TERRITORY BELONGING TO THE UNITED STATES. THE RESEMBLANCE OF ITS JURISDICTION TO THAT OF TRUE UNITED STATES COURTS IN OFFERING AN OPPORTUNITY TO NONRESIDENTS OF RESORTING TO A TRIBUNAL NOT SUBJECT TO LOCAL INFLUENCE, DOES NOT CHANGE ITS CHARACTER AS AMERE TERRITORIAL COURT.**

                                        [emphasis added]

**The distinction within the dual nature of the Federal court system is also noted in title 18 U.S.C. 3241, which States that the United States District Court for the CANAL ZONE shall have Jurisdiction "concurrently with the District Court of the United States, of offenses against the laws of the United States committed upon the HIGH SEAS."**

**This distinction is the reason why Federal Jurisdiction over prosecutions is more than a technical concept; It is Constitutional REQUIREMENT.** (see U.S. v. Johnson, 337 F.2D 180, Affd. 383 U.S. 169(1 966), 86 s.ct. 44, 134, and 385 U.S. 846, 17, L.ED 2D 77, 117)

This Constitution for United States of America. Volume 20; corpus jurisdiction, Sec. **1785,** the United States Government is a foreign corporation with respect to a State, in **re;** Merriams Estate, **36 n. e. 505, 141 n.y. 497,** 41 L.ED. 287, Affirmed in U.S. v. PERKINS, U.S. 625. There is in our political system two government of the United States, each is distinct from the other and has Citizens of its own. (see U.S. v. CRUIKSHANK, 92 U.S. 542, 23 L.ED. 288.)

**3A AM.JUR.2D 116** who are Citizens, a person is born or naturalized in the United States and subject to the        jurisdiction. This statue also declares the following to be Citizen: **person born** in Puerto Rico, the canal zone or the Republic of Panama, the Virgin Islands, Guam.

**3A AM.JUR.2D.1420, Aliens and Citizen,** a person is born subject to the jurisdiction of the United States, for the purposes of acquiring Citizenship at birth, if this birth occurs in the territory over which the United States is Sovereign. The evident meaning of this is not merely subject in some respect or degree to the jurisdict of the        United Stated, but completely subject thereto, territories such as the District of Columbia, Puerto Rico, and the U.S. Virgin Islands under the exclusive jurisdiction of the United States, (see ELK V. WILKIN, 112 U.S. 94, 101, 102)

## SUMMARY OF THE DEFENDANT Felix Cruz.

With all information herein above given, I, Felix Cruz, state for the record of this administrative agency, as well as for this administrative proceeding, that this territorial (legislative) tribunal has yet to provide, prove, show proof of, or disclose to me any documentation providing proof of exclusive territorial jurisdiction over the geographical boundarys where indictment claims the alleged overt acts has taken place.

Further, if the moving party of this here criminal prosecution for this territorial (legislative) tribunal, have not proven before a grand jury, or at time or before the said complaint, warrant, indictment was issued, and or before this administrrative agency or proceeding, that moving party had jurisdiction over geographical boundarys where alleged overt acts have taken place. Then that would be a term of misleading conduct on the moving partys behalf, according to title 18 U.S.C.S. 1515, 3,(A),(B),(C),(D), and (E).

Whereas, if misleading conduct has played a part in this criminal prosecution, and or territorial jurisdict was not previously ascertained by law, then this criminal case should not have made its way from a "District Court of the United States," which have and can prove jurisdiction from all angles, to this "United States District Court" who have picked this criminal case for prosecution, but

have yet to prove jurisdiction, point, blank, period. Because that would mean the moving party in this criminal prosecution "knowingly and unlawfully," pick this criminal case from a "fruit off of a poionous tree." Not to mention the fact that moving party in this here criminal prosecution would be in clear violation of the Six Amendment Right of an accused in criminal prosecutions.


## CONCLUSION OF DEFENDANT Felix Cruz.

The United States District Court have "NO" criminal jurisdiction whatsoever to prosecute any crimes committed within one of the fifty union states, until and unless Congress sayso, and until and unless the Federal Government can prove ownership over geographical land mass, particularly that parcel of land which indictment claims alleged criminal activitys have taken place. Not a single act of Congress vest the "United States District Courts," as distinct from "District Court of the United States," with anything but "Civil" authority. There is absolutely no criminal jurisdiction vested in said territorial tribunals.


## REMEDY REQUESTED BY DEFENDANT Felix Cruz.

Therefore, Defendant hereby request that this ARTICLE 4 legislative tribunal establish exclusive jurisdiction by producing certified documents consisting of the following:

(10)

(1) Documentation showing "United States"(Federal Government) ownership of each and every geographical locations mentioned in t- he instint indictment, wherein the alleged criminal activity took place;


(2) Documentation from New York Legislature which provides eviden- ce of a cession by New York surrendering jurisdiction to the "Uni- ted States"(Fedreal Government) over the same geographical locati- on as stated in (1) above;


(3) Documentation pursuant to 40 U.S.C. 255, wherein the "United States"(Federal Government) accecpted jurisdiction to the same geographical location as stated in (1) above, or documnetation showing concurrent jurisdiction with New York State over the geog- raphical location as stated in (1) above;


(4) Alternatively, absent the requisite documentation, Defendant hereby request that this United States District Court dismiss the instant case with prejudice and in the interests of just.

EXECTED  ON:  DECEMBER  28, 2007




RESPECTFULLY   SUBMITTED,

BY:Felix   Cruz,  DEFENDANT
    Reg. No. 55601-054
    MDC (Brooklyn)
    80-29th Street
    Brooklyn, NY 11232

Exhibit "A":  Federal Criminal Jurisdiction

It is a well established principle of law that "all federal legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears"; see Caha v. United States, 152 U.S. 211, 215, 14 S.Ct. 513 (1894); American Banana Company v. United Fruit Company, 213 U.S. 347, 357, 29 S.Ct. 511 (1909); United States v. Bowman, 260 U.S. 94, 97, 98, 43 S.Ct. 39 (1922); Blackmer v. United States, 284 U.S. 421, 437, 52 S.Ct. 252 (1932); Foley Bros. v. Filardo, 336 U.S. 281, 285, 69 S.Ct. 575 (1949); United States v. Spelar, 338 U.S. 217, 222, 70 S.Ct. 10 (1949); and United States v. First National City Bank, 321 F.2d 14, 23 (2nd Cir., 1963). And this principle of law is expressed in a number of cases from the federal appellate courts; see McKeel v. Islamic Republic of Iran, 722 F.2d 582, 589 (9th Cir., 1983) (holding the Foreign Sovereign Immunities Act as territorial); Meredith v. United States, 330 F.2d 9, 11 (9th Cir., 1964) (holding the Federal Torts Claims Act as territorial); United States v. Cotroni, 527 F.2d 708, 711 (2nd Cir., 1975) (holding federal wiretap laws as territorial); Stowe v. Devoy, 588 F.2d 336, 341 (2nd Cir., 1978); Cleary v. United States Lines, Inc., 728 F.2d 607, 609 (3rd Cir., 1984) (holding federal age discrimination laws as territorial); Thomas v. Brown & Root, Inc., 745 F.2d 279, 281 (4th Cir., 1984) (holding same as Cleary, supra); United States v. Mitchell, 553 F.2d 996, 1002 (5th Cir., 1977) (holding marine mammals protection act as territorial); Pfeiffer v. William Wrigley, Jr., Co., 755 F.2d 554, 557 (7th Cir., 1985) (holding age discrimination laws as territorial); Airline Stewards & Stewardesses Assn. v. Northwest Airlines, Inc., 267 F.2d 170, 175 (8th Cir., 1959) (holding Railway Labor Act as territorial); Zahourek v. Arthur Young and Co., 750 F.2d 827, 829 (10th Cir., 1984) (holding age discrimination laws as territorial); Commodities Futures Trading Comm. v. Nahas, 738 F.2d 487, 493 (D.C.Cir., 1984) (holding commission's subpoena power under federal law as territorial); Reyes v. Secretary of H.E.W., 476 F.2d 910, 915 (D.C.Cir., 1973) (holding administration of Social Security Act as territorial); and Schoenbaum v. Firstbrook, 268 F.Supp. 385, 392 (S.D.N.Y., 1967) (holding securities act as territorial). But, because of statutory language, certain federal drug laws operate extra-territorially; see United States v. King, 552 F.2d 833, 851 (9th Cir., 1976). The United States has territorial jurisdiction only in Washington, D.C., the federal enclaves within the States, and in the territories and insular possessions of the "United States". However, it has no territorial jurisdiction over non-federally owned areas inside the territorial jurisdiction of the States within the American Union. And this proposition of law is supported by literally hundreds of cases.

As a general rule, the power of the United States criminally to prosecute is, for the most part, confined to offenses committed within "its jurisdiction". This is born out simply by examination of Title 18, U.S.C. Section 5 which defines the term "United States" in clear jurisdictional terms. Section 7 contains the fullest statutory definition of the "jurisdiction of the United States" [sic]. The United States District Courts have jurisdiction of offenses occurring within the "United States", pursuant to Title 18, U.S.C., section 3231.

Examples of this proposition are numerous. In Pothier v. Rodman, 291 F. 311 (1st Cir., 1923), the question involved whether a murder committed at Camp Lewis Military Reservation in the State of Washington was a federal crime. Here, the murder was committed more than a year before the U.S. acquired a deed for the property in question. Pothier was arrested and incarcerated in Rhode Island and filed a Habeas Corpus petition seeking his release on the grounds that the federal courts had no jurisdiction

over an offense not committed in U.S. jurisdiction. The First Circuit agreed that there was no federal jurisdiction and ordered his release. But, on appeal to the U.S. Supreme Court, in Rodman v. Pothier, 264 U.S. 399, 44 S.Ct. 360 (1924), that Court reversed; although agreeing with the jurisdictional principles enunciated by the First Circuit, it held that only the federal court in Washington State could hear that issue. In United States v. Unzeuta, 35 F.2d 750 (8th Cir., 1929), the Eighth Circuit held that the U.S. had no jurisdiction over a murder committed in a railroad car at Fort Robinson, the state cession statute being construed as not including railroad rights- of-way. This decision was reversed in United States v. Unzeuta, 281 U.S. 138, 50 S.Ct. 284 (1930), the court holding that the U.S. did have jurisdiction over the railroad rights-of-way in Fort Robinson. In Bowen v. Johnson, 97 F.2d 860 (9th Cir., 1938), the question presented was whether jurisdiction over an offense prosecuted in federal court could be raised in a petition for Habeas Corpus. The denial of Bowen's petition was reversed in Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442 (1939), the Court concluding that such a jurisdictional challenge could be raised in a Habeas Corpus petition. But, the Court then addressed the issue, and found that the U.S. both owned the property in question and had a state legislative grant ceding jurisdiction to the United States, thus there was jurisdiction in the United States to prosecute Bowen. But, if jurisdiction is not vested in the United States pursuant to statute, there is no jurisdiction; see Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122 (1943).

And the lower federal courts also require the presence of federal jurisdiction in criminal prosecutions. In Kelly v. United States, 27 F. 616 (D.Me., 1885), federal jurisdiction of a manslaughter committed at Fort Popham was upheld when it was shown that the U.S. owned the property where the offense occurred and the state had ceded jurisdiction. In United States v. Andem, 158 F. 996 (D.N.J., 1908), federal jurisdiction for a forgery offense was upheld on a showing that the United States owned the property where the offense was committed and the state had ceded jurisdiction of the property to the U.S. In United States v. Penn, 48 F. 669 (E.D.Va., 1880), since the U.S. did not have jurisdiction over Arlington National Cemetery, a federal larceny prosecution was dismissed. In United States v. Lovely, 319 F.2d 673 (4th Cir., 1963), federal jurisdiction was found to exist by U.S. ownership of the property and a state cession of jurisdiction. In United States v. Watson, 80 F.Supp. 649 (E.D.Va., 1948), federal criminal charges were dismissed, the court stating as follows:

> Without proof of the requisite ownership or possession of the United States, the crime has not been made out. 80 F.Supp., at 651.

In Brown v. United States, 257 F. 46 (5th Cir., 1919), federal jurisdiction was upheld on the basis that the U.S. owned the post office site where a murder was committed and the state had ceded jurisdiction; see also England v. United States, 174 F.2d 466 (5th Cir., 1949); Krull v. United States, 240 F.2d 122 (5th Cir., 1957); Hudspeth v. United States, 223 F.2d 848 (5th Cir., 1955); and Gainey v. United States, 324 F.2d 731 (5th Cir., 1963). In United States v. Townsend, 474 F.2d 209 (5th Cir., 1973), a conviction for receiving stolen property was reversed when the court reviewed the record and learned that there was absolutely no evidence disclosing that the defendant had committed this offense within the jurisdiction of the United States. And in United States v. Benson, 495 F.2d 475 (5th Cir., 1974), in finding federal jurisdiction for a robbery committed at Fort Rucker, the court stated:

It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefore 495 F.2d, at 481.

In two Sixth Circuit cases, United States v. Tucker, 122 F. 518 (W.D.Ky., 1903), a case involving an assault committed at a federal dam, and United States v. Blunt, 558 F.2d 1245 (6th Cir., 1977), a case involving an assault within a federal penitentiary, jurisdiction was sustained by finding that the U.S. owned the property in question and the state involved had ceded jurisdiction. In re Kelly, 71 F. 545 (E.D.Wis., 1895), a federal assault charge was dismissed when the court held that the state cession statute in question was not adequate to convey jurisdiction of the property in question to the United States. In United States v. Johnson, 426 F.2d 1112 (7th Cir., 1970), a case involving a federal burglary prosecution, federal jurisdiction was sustained upon the showing of U.S. ownership and cession. And cases from the Eighth and Tenth Circuits likewise require the same elements to be shown to demonstrate the presence of federal jurisdiction; see United States v. Heard, 270 F.Supp. 198 (W.D.Mo., 1967); United States v. Redstone, 488 F.2d 300 (8th Cir., 1973); United States v. Goings, 504 F.2d 809 (8th Cir., 1974) (demonstrating loss of jurisdiction); Hayes v. United States, 367 F.2d 216 (10th Cir., 1966); United States v. Carter, 430 F.2d 1278 (10th Cir., 1970); Hall v. United States, 404 F.2d 1367 (10th Cir., 1969); and United States v. Cassidy, 571 F.2d 534 (10th Cir., 1978).

Of all the circuits, the Ninth Circuit has addressed jurisdictional issues more than any of the rest. In United States v. Bateman, 34 F. 86 (N.D.Cal., 1888), it was determined that the United States did not have jurisdiction to prosecute for a murder committed at the Presidio because California had never ceded jurisdiction; see also United States v. Tully, 140 F. 899 (D.Mon., 1905). But later, California ceded jurisdiction for the Presidio to the United States, and it was held in United States v. Watkins, 22 F.2d 437 (N.D.Cal., 1927), that this enabled the U.S. to maintain a murder prosecution; see also United States v. Holt, 168 F. 141 (W.D. Wash., 1909), United States v. Lewis, 253 F. 469 (S.D.Cal, 1918), and United States v. Wurtzbarger, 276 F. 753 (D.Or., 1921). Because the U.S. owned, and had a state cession of jurisdiction for, Fort Douglas in Utah, it was held that the U.S. had jurisdiction for a rape prosecution in Rogers v. Squier, 157 F.2d 948 (9th Cir., 1946). But, without a cession, the U.S. has no jurisdiction; see Arizona v. Manypenny, 445 F.Supp. 1123 (D.Ariz., 1977).

The above cases from the U.S. Supreme Court and federal appellate courts set forth the rule that in criminal prosecutions, the government, as the party seeking to establish the existence of federal jurisdiction, must prove U.S. ownership of the property in question and a state cession of jurisdiction. This same rule manifests itself in state cases. State courts are courts of general jurisdiction and in a state criminal prosecution, the state must only prove that the offense was committed within the state and a county thereof. If a defendant contends that only the federal government has jurisdiction over the offense, he, as proponent for the existence of federal jurisdiction, must likewise prove U.S. ownership of the property where the crime was committed and state cession of jurisdiction.

Examples of the operation of this principle are numerous. In Arizona, the State has jurisdiction over federal lands in the public domain, the state not having ceded jurisdiction of that property to the U.S.; see State v. Dykes, 114 Ariz. 592, 562 P.2d 1090 (1977). In California, if it is not proved by a defendant in a state prosecution that the state has ceded jurisdiction, it is presumed the state does have jurisdiction over a criminal offense; see People v. Brown, 69 Cal. App.2d 602, 159 P.2d 686 (1945). If the cession exists, the state has no jurisdiction; see People v. Mouse, 203 Cal. 782, 265 P. 944 (1928). In Montana, the state has jurisdiction over property if it is not proved there is a state cession of jurisdiction to the U.S.; see State ex rel Parker v. District Court, 147 Mon. 151, 410 P.2d 459 (1966); the existence of a state cession of jurisdiction to the U.S. ousts the state of jurisdiction; see State v. Tully, 31 Mont. 365, 78 P. 760 (1904). The same applies in Nevada; see State v. Mack, 23 Nev. 359, 47 P. 763 (1897), and Pendleton v. State, 734 P.2d 693 (Nev., 1987); it applies in Oregon (see State v. Chin Ping, 91 Or. 593, 176 P. 188 (1918) and State v. Aguilar, 85 Or.App. 410, 736 P.2d 620 (1987)); and in Washington (see State v. Williams, 23 Wash.App. 694, 598 P.2d 731 (1979)).

In People v. Hammond, 1 Ill.2d 65, 115 N.E.2d 331 (1953), a burglary of an IRS office was held to be within state jurisdiction, the court holding that the defendant was required to prove existence of federal jurisdiction by U.S. ownership of the property and state cession of jurisdiction. In two cases from Michigan, larcenies committed at U.S. Post Offices which were rented were held to be within state jurisdiction; see People v. Burke, 161 Mich. 397, 126 N.W. 446 (1910) and People v. Van Dyke, 276 Mich. 32, 267 N.W. 778 (1936); see also In re Kelly, 311 Mich. 596, 19 N.W.2d 218 (1945). In Kansas City v. Garner, 430 S.W.2d 630 (Mo. App., 1968), state jurisdiction over a theft offense occurring in a federal building was upheld, and the court stated that a defendant had to show federal jurisdiction by proving U.S. ownership of the building and a cession of jurisdiction from the state to the United States. A similar holding was made for a theft at a U.S. missile site in State v. Rindall, 146 Mon. 64, 404 P.2d 327 (1965). In Pendleton v. State, 734 P.2d 693 (Nev., 1987), the state court was held to have jurisdiction over a DUI ("driving under the influence") committed on federal lands, the defendant having failed to show U.S. ownership and state cession of jurisdiction.

In People v. Gerald, 40 Misc.2d 819, 243 N.Y.S.2d 1001 (1963), the state was held to have jurisdiction of an assault at a U.S. Post Office since the defendant did not meet his burden of showing presence of federal jurisdiction; and because a defendant failed to prove title and jurisdiction in the United States for an offense committed at a customs station, state jurisdiction was upheld in People v. Fisher, 97 A.D.2d 651, 469 N.Y.S.2d 187 (A.D. 3 Dept., 1983). The proper method of showing federal jurisdiction in state court is demonstrated by the decision in People v. Williams, 136 Misc.2d 294, 518 N.Y.S.2d 751 (1987). This rule was likewise enunciated in State v. Burger, 33 Ohio App.3d 231, 515 N.E.2d 640 (1986), in a case involving a DUI offense committed on a road near a federal arsenal.

In Kuerschner v. State, 493 P.2d 1402 (Okl.Cr.App., 1972), the state was held to have jurisdiction of a drug sales offense occurring at an Air Force Base, the defendant not having attempted to prove federal jurisdiction by showing title and jurisdiction of the property in question in the United States; see also Towry v. State, 540 P.2d 597 (Okl.Cr.App., 1975). Similar holdings for murders committed at U.S. Post Offices were made in State v. Chin Ping, 91 Or. 593, 176 P. 188 (1918), and in United States v. Pate, 393 F.2d 44 (7th Cir., 1968). Another Oregon case, State v. Aguilar, 85 Or.App. 410, 736 P.2d 620 (1987), demonstrates this rule. And finally, in Curry v. State, 111 Tex. Cr. 264, 12 S.W.2d 796 (1928), it was held that, in the absence of proof that the state had ceded jurisdiction of a place to the United States, the state courts had jurisdiction over an offense.

Therefore, in federal criminal prosecutions, the government must prove the existence of federal jurisdiction by showing U.S. ownership of the place where the crime was committed and state cession of jurisdiction. If the government contends for the power criminally to prosecute for an offense occurring outside "its jurisdiction", it must prove an extra-territorial application of the statute in question as well as a constitutional foundation supporting the same. Absent this showing, no federal prosecution can be commenced for offenses committed outside "its jurisdiction", i.e. the federal zone.

## PROOF OF SERVICE

I, Felix Cruz, hereby certify, under penalty of perjury, pursuant to 28 U.S.C.S. 1746, that I am at least 18 years of age, a Citizen born in the State of New York, Bronx County, and that I personally served the following document(s):

NOTICE AND REQUEST TO DISMISS
FOR LACK OF CRIMINAL JURISDICTION:
F.R.C.P. RULE 12; 28 U.S.C. 1359;

by placing one true and correct copy of said document(s) in first class United States Mail, with postage prepaid and properly addressed to the following:

To: DAVID HARBACH (AUSA)
    UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
    NEW YORK, NY 10007


    DEPUTY CLERK OF COURT
    UNITED STATES DISTRICT COURT
    500 PEARL STREET
    NEW YORK, NY 10007


    HON. JUDGE J.G. KOELTL
    UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
    500 PEARL STREET
    NEW YORK, NY 10007