```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA      :

         - v -                :
                                          07 Cr. 997 (JGK)
FELIX CRUZ                    :

              Defendant.      :
------------------------------X
```

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FELIX CRUZ'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

 

**LEONARD F. JOY, ESQ.**
Federal Defenders of New York
Attorney for Defendant
   **Felix Cruz**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8760

**ROBERT M. BAUM, ESQ.**

   Of Counsel

TO: MICHAEL J. GARCIA, ESQ.
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007
    Attn: **Christian R. Everdell, ESQ.**
         Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

        - v -                  :
                                          07 Cr. 997 (JGK)
FELIX CRUZ                     :

             Defendant.        :
------------------------------X
```

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT FELIX CRUZ'S
MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

This reply memorandum of law is submitted in response to the Government's Memorandum of Law opposing Mr. Cruz's Motion To Suppress Physical Evidence and Statements on the ground that he was arrested without probable cause in violation of the Fourth Amendment and that certain statements were obtained in violation of the Fifth Amendment.

**LT. MCMAHON IMPERMISSIBLY CROSSED THE
THRESHOLD OF THE APARTMENT BY PLACING
HIS HEAD INSIDE THE DOORWAY AND PEERING
AROUND THE WALL INTO THE LIVING ROOM**

The Government argues in part, that the warrantless entry into apartment 3B on May 3, 2007 occurred because police officers were able to view a crime being committed which was exposed to public view through an open doorway. (Government Post Hearing

Memorandum of Law at 22). ("Memo"). The Government is wrong.

Mr. Cruz contends that based on credible testimony, the Court is warranted in finding that the officers pushed open a closed door. The hearing testimony of the two police officers is in direct contradiction to each other on several material points and cannot be reconciled. However, should the Court credit the testimony of one of the officers, specifically Lt. McMahon, the entry into apartment 3B was still in violation of the Fourth Amendment and the rule set forth in Payton v. New York, 445 U.S. 573 (1980).

Lt. McMahon testified that he entered the apartment "maybe 10 seconds," after the woman in the hallway left the front of the door area. Tr. at 150. During that 10 second time period, Lt. McMahon put his head into the apartment past the threshold of the doorway and around the corner to view the living room. Tr. at 109, 131, 132, 148. From the moment he put his head in, he testified that it took him approximately 3 to 5 seconds to enter the apartment. Tr. at 112-13.

Officer Maier testified that he asked the woman in the hallway 3 questions, and waited for her responses. Tr. at 36-7, 63. Under these circumstances, it is evident that Lt. McMahon had already entered the apartment prior to any alleged observations by officer Maier.

In United States v. Glenn, 288 F.Supp. 2d 346, 349-50

(W.D.N.Y. 2003), under identical circumstances, the district court held that the officer's leaning into a hallway and looking around a wall to make observations while standing outside the apartment constituted an impermissible search. The officer's actions caused him to cross the threshold of the apartment, which led to the observations leading to the unauthorized entry into the apartment.

 The Government argues that the same view was available to officer Maier "without needing to cross the threshold," adding that "Lt. McMahon agreed that the living room would be visible from that vantage point." Memo at 28. In fact, Lt. McMahon testified that whoever was standing out to the side, behind him in the landing area, could not see into the living room. Tr. at 133. He later testified that he thought someone standing at the left hand side of the door might be able to see into the living room, but he was never in that position at the doorway to confirm that such observations could be made. Tr. at 149.

### THERE WERE NO EXIGENT CIRCUMSTANCES

 The Government acknowledges, that even if the observations set forth at the hearing were made, there must be a showing of exigent circumstances. Memo at 29. In United States v. Fields, 113 F.3d 313 (2d Cir. 1999), the Court held that despite the

3

officers viewing the defendants through a window exposed to the public, exigent circumstances justified their warrantless entry. The Court set forth six criteria used as a guide to determine exigency. Id. at 322-23, citing United States v. MacDonald, 916 F.2d 766, 769-70 (2d Cir. 1990)(en banc). In Fields, the Court found that five of the six factors were met, supporting exigent circumstances. Applying those factors to the police entry here, only three of six factors are met.

Bagging a quantity of crack cocaine may be considered a serious crime. Probable cause was thereby established; and the suspects were in the premises. However, there was no knowledge whether the suspects were armed. A general statement that drugs creates a potential for violence (Tr. at 114), does not create an exigent circumstance in **this** case. In Fields, the officers knew that the defendant had a reputation for violence and was in fact apprehended with a loaded weapon within his reach. Id. at 323.

In Fields, the police had good reason to believe that the defendants would attempt to flee or destroy the evidence if alerted to the presence of officers. Id. at 323. There is no such testimony here. The defendants were present in a third floor apartment. There was no testimony of any other exit from the apartment. The defendants were observed in a living room which was separated from the rest of the apartment by a hallway. There was no testimony about their ability to destroy the evidence.

4

The entry into the apartment was not "peaceful." Lt. McMahon testified that he entered almost immediately upon making his observations. He said "police, let me see your hands." Speaking "about as authoritative and as direct as I could be." Tr. at 113. Although he doesn't recall whether he had his gun drawn, he testified that having a gun out "would not be out of the ordinary." Tr. at 114.

The officers entered the apartment without knocking and announcing their presence before entering. Mr. Cruz does not contend that such entry is itself a violation of the Fourth Amendment requiring suppression. See Hudson v. Michigan 547 U.S. 586 (2006)(exclusionary rule does not apply to evidence obtained in violation of the knock and announce rule). However, the "knock and announce" rule, deeply ingrained in the common law, overlaps with the reasonableness inquiry of the Fourth Amendment. United States v. Acosta, 502 F.3d 54, 59 (2d Cir. 2007) citing United States v. Alejandro, 368 F.3d 130, 137 (2d Cir. 2004). More importantly, it has been viewed as a factor to consider in determining exigent circumstances and "peaceful entry." See United States v. Medina, 944 F.2d 60, 69 (2d Cir. 1991). Here, the police did not "knock and announce." If they had, it would have been considered a "peaceful entry." Id. at 69.

Having failed to satisfy half of the factors associated with the determination of exigent circumstances, the officers

warrantless entry into apartment 3B was in violation of the Fourth Amendment.

Dated:   New York, New York
         March 24, 2008

                                      Respectfully submitted,

                                      LEONARD F. JOY, ESQ.
                                      Federal Defenders of New York
                           By:_____
                                    **ROBERT M. BAUM, ESQ.**
                                      Assistant Federal Defender
                                      Attorney for Defendant
                                          **FELIX CRUZ**
                                      52 Duane Street - 10th Floor
                                      New York, New York 10007


TO:     MICHAEL J. GARCIA, ESQ.
          United States Attorney
          Southern District of New York
          One St. Andrew's Plaza
          New York, New York 10007

ATTN:   Christian R. Everdell, Esq.
          Assistant United States Attorney